**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
Elizabeth A. Wagner, Esq. (317098)
Scott M. Plescia (349319)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

*Attorney for Plaintiff*,
Annamarie Jaramillo

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNAMARIE JARAMILLO,<br><br>Plaintiff,<br><br>v.<br><br>AFFIRM HOLDINGS INC.;<br>AND TRUEACCORD CORP.<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**I. FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>**II. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>**III. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT; AND,**<br><br>**IV. CALIFORNIA'S IDENTITY THEFT ACT.**<br><br>**JURY TRIAL DEMANDED** |

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals,

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

4. ANNAMARIE JARAMILLO ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of TRUEACCORD CORP. ("TrueAccord") and AFFIRM HOLDINGS INC. ("Affirm") with regard to attempts by Affirm and TrueAccord to unlawfully and abusively collect a fraudulent debt from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Affirm and TrueAccord took place in California.

8. Any violations by each Defendant were knowing, willful, and intentional, and Affirm and TrueAccord did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of a Affirm and True Accord's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692k; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Affirm and TrueAccord's violations of (i) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq.* ("RFDCPA"); (ii) California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.1, *et seq.* ("CCCRAA"); (iii) California Identity Theft Act, Cal. Civ. Code § 1798.1, *et seq.* ("CITA"); and (iv) Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

12. Because Affirm and TrueAccord conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Riverside County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Affirm and TrueAccord conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff a natural person who resides in the County of Riverside, California, from whom various furnishers sought to collect a consumer debt which was alleged to be due and owing from Plaintiff.

15. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1692a(3).

16. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

17. TrueAccord is a company headquartered in Kansas.

18. Affirm is a company headquartered in California.

19. TrueAccord and Affirm are each a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

20. Plaintiff is informed and believes, and thereon alleges, that TrueAccord and Affirm, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and are therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. TrueAccord is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

22. Affirm and TrueAccord is also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

23. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5).

24. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

25. At all times relevant, Plaintiff is an individual residing within the State of California.

26. On March 27, 2023, Plaintiff received an email from Affirm stating that a loan for $6,055.76 was approved by Affirm.

27. Plaintiff was surprised when she discovered this email as she never applied for this loan with Affirm.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

28. Plaintiff made several calls to Affirm reporting the loan as fraud.

29. On May 1, 2023, Plaintiff filed a police report stating that she was the victim of identity theft.

30. Plaintiff received several texts over the next couple months from Affirm trying to collect the fraudulent debt.

31. On August 3, 2023, Plaintiff was again harassed, with an email by Affirm attempting to collect the debt.

32. On August 9, 2023, Affirm informed Plaintiff that Affirm would credit her a portion of the fraudulent debt in the amount of $1.04.

33. On August 28, 2023, Plaintiff received an email from Affirm informing her the fraudulent loan had been charged off.

34. On August 29th, 2023. Plaintiff sent a written dispute with supporting documentation to Affirm.

35. In September 2023, Plaintiff received an email from TrueAccord attempting to collect the fraudulent debt.

36. Plaintiff filed another written dispute with supporting documentation to Affirm in October 2023.

37. Plaintiff also sent written disputes to Experian, Transunion and Equifax.

38. On October 11, 2023, TrueAccord denied the dispute and continued to hold Plaintiff liable for the debt.

39. In November of 2023, Plaintiff received a letter from Affirm erasing the entirety of the fraudulent debt.

40. Affirm inaccurately reported to Plaintiff's credit reports delinquency for the months of March through November of 2023.

41. This misinformation has had a direct impact on Plaintiff's financial arrangements.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

42. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    a. Monies lost by attempting to fix her credit;

    b. Loss of time;

    c. Loss of credit opportunities;

    d. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

    e. All conditions precedent to the filing of this action have occurred.

43. Affirm's credit reporting was unreasonable and inaccurate.

44. More specifically, Affirm should have discovered from its own records, that the information being reported was inaccurate and materially misleading. There should not have been an open account at all as it pertained to Affirm and certainly, no delinquencies should have been associated with the account.

45. Plaintiff contends that it was unreasonable for Affirm and TrueAccord to not contact Plaintiff for further information if needed; and, to not conduct a simple inquiry regarding Plaintiff's account information on file.

46. Accordingly, Affirm and TrueAccord failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

47. Through this conduct, Affirm violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Affirm knew or should know was inaccurate.

48. Through this conduct, Affirm violated 15 U.S.C. § 1692e(8) by submitting false information regarding Plaintiff's credit history.

49. Accordingly, Affirm and TrueAccord willfully and negligently failed to comply with their respective duties to reasonably investigate Plaintiff's dispute.

50. Affirm inaccurate and negative reporting damaged Plaintiff's creditworthiness.

51. Affirm and TrueAccord's conduct has caused Plaintiff emotional distress.

52. Plaintiff has spent significant amounts of time disputing this inaccurate information in an attempt to provide any and all information needed for the investigations.

53. Plaintiff was thorough in Plaintiff's dispute at all times.

54. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because inaccurate information mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

55. Due to Affirm's failure to reasonably investigate, Affirm further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

56. By inaccurately reporting account information after notice and confirmation of its errors, Affirm failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

57. Through this conduct, Affirm violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Affirm knew or should know was inaccurate.

58. As a direct and proximate result of Affirm and TrueAccord's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation. Plaintiff has further spent significant amounts of time and suffered pecuniary loss in attempting to correct Affirm inaccurate and derogatory information.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

59. Through this conduct, Affirm and TrueAccord violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Affirm and TrueAccord violated Cal. Civ. Code § 1788.17.

60. Through this conduct, Affirm and TrueAccord violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Affirm and TrueAccord violated Cal. Civ. Code § 1788.17.

61. Through this conduct, Affirm violated 15 U.S.C. § 1692e(8) by reporting credit information regarding Plaintiff that Affirm knew or should have known to be inaccurate This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Affirm violated Cal. Civ. Code § 1788.17.

62. Through this conduct, Affirm and TrueAccord violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Affirm and TrueAccord violated Cal. Civ. Code § 1788.17.

63. Through this conduct, Affirm and TrueAccord violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Affirm and TrueAccord violated Cal. Civ. Code § 1788.17.

64. Through this conduct, Affirm and TrueAccord violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Affirm and TrueAccord violated Cal. Civ. Code § 1788.17.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

65. TrueAccord violated Cal Civ. Code § 1798.93.

66. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(P) (FDCPA)

## [AGAINST TRUEACCORD]

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

69. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION

## PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

## [AGAINST ALL DEFENDANTS]

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

72. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Affirm and TrueAccord.

## COUNT III

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

## [AGAINST AFFIRM]

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

75. In the regular course of its business operations, Furnishers routinely furnish information to credit reporting agencies pertaining to transactions between Affirm and Affirm consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

76. Because Affirm is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Affirm are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

77. Affirm also should have determined that the Affirm reporting was inaccurate through review of their own account notes and records.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

# COUNT IV

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT

## CAL. CIV. CODE § 1798.92-1798.97

## [AGAINST TRUEACCORD]

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

80. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

# COUNT V

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION

## PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

## [AGAINST ALL DEFENDANTS]

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

83. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal.

Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Affirm and TrueAccord.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- Punitive damages according to proof as to the CCCRAA claims;

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each Defendant individually;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against TrueAccord;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against TrueAccord;

- An award of costs of litigation and reasonable attorney's fees, pursuant to

15 U.S.C. § 1692k(a)(3), against TrueAccord

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ Code §1798.93 (c)(5)

- A civil penalty of 30,000 pursuant to Cal. Civ Code § 1798.93 (c)(6)

- A declaration regarding Plaintiff's lack of liability to the claimants pursuant to Cal.Civ Code §1798.93 (c) (1)-(2);

- An injunction regarding claimants pursuant to Cal. Civ Code §1798.93 (c)(3)

- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

84. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 20, 2024                    Respectfully submitted,


                                            **LOKER LAW, APC**


                                   By:  ___/s/ Matthew M. Loker___
                                        MATTHEW M. LOKER, ESQ.
                                        ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420